UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MBF1, LLC** | * | |
|     **Plaintiff** | * | **CIVIL ACTION NO. 07-3613** |
| | * | |
| **VERSUS** | * | **SEC. R JUDGE SARAH VANCE** |
| | * | |
| **MERCEDES-BENZ, USA, LLC,** | * | **MAG. JUDGE 4 KAREN ROBY** |
| **ASBURY AUTOMOTIVE ST.LOUIS,** | * | |
| **LLC,d/b/a PLAZA MOTOR COMPANY** | * | |
| **AND BENSON MOTOR COMPANY** | * | |
|     **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT PLAZA MOTOR COMPANY'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF JURISDICTION OVER THE PERSON UNDER FRCP 12 (b)(2)**

**MAY IT PLEASE THE COURT:**

In this action, plaintiff MBF1, L.L.C., ("MBF1"), a Louisiana limited liability company, filed a Petition for Breach of Warranty and Damages ("the Petition") on May 24, 2007, alleging defects in the 2006 Mercedes-Benz S65 that it had leased from Plaza Motor Company, a car dealership located in Missouri.  The Petition, filed in state court in St. Tammany Parish, named the following as defendants:  Mercedes-Benz USA, LLC ("MB"), the alleged distributor of the vehicle, and Asbury Automotive St. Louis, L.L.C. d/b/a Plaza Motor Company ("Plaza"), the alleged lessor of the vehicle.  *See* Exhibit "A."  The Petition also named Benson Motor Company ("Benson"), a Louisiana corporation, as a defendant. Defendant MB subsequently removed this suit based on diversity of citizenship, 28 U.S.C. § 1332, contending Louisiana defendant Benson was improperly joined or fraudulently misjoined, and therefore, Benson's Louisiana citizenship need not be considered for purposes of the diversity jurisdiction analysis.  *See, e.g., In Re Benjamin Moore & Company*, 309 F.3d

296 (5th Cir. 2002).[1]  Defendant Plaza now files this motion to dismiss for lack of personal jurisdiction as the facts at issue herein show that there can be no jurisdiction over Plaza in Louisiana.

**FACTUAL BACKGROUND**

Plaintiff, through a representative, telephoned Plaza Motor Company (a dealership located in the St. Louis, Missouri metropolitan area) and informed Bob Victor, the sales manager for Mercedes-Benz automobiles, that a local Louisiana Mercedes-Benz dealership had performed a locator and had found that Plaza had a 2006 Mercedes-Benz S 65, a vehicle that plaintiff was interested in leasing.  Mr. Victor referred the call to Jay Schuessler, a Plaza Mercedes-Benz salesperson.  Mr. Schuessler telephoned plaintiff's representative, and subsequently emailed photographs of the car in question to Mr. Richard Blossman.  *See* Affidavit of J. Schuessler and attached exhibits.  Mr. Schuessler subsequently mailed the lease papers to Mr. Blossman in Louisiana.  After Plaza received the initial payments for the lease and the signed documents of lease, Mr. Schuessler subcontracted with a transportation company to have the vehicle in question transported to plaintiff in Louisiana.  *Id*.  Of particular significance here is the fact that plaintiff, a Louisiana resident, initiated the contact with Plaza, a dealership located in Missouri.  While Plaza certainly responded to plaintiff's inquiries, Plaza did not solicit plaintiff's business, nor reach into Louisiana to seek plaintiff as a customer.

Plaza Motor Company, a car dealership operating in the St. Louis, Missouri metropolitan area, has little to no contact with Louisiana.  Plaza does not maintain offices in the State of Louisiana.  Plaza does not own, use, or possess real or personal property in

---

[1] Undersigned counsel understands that counsel for plaintiff has now agreed to voluntarily dismiss Benson from this suit.

Louisiana, does not maintain financial accounts in Louisiana, and does not pay taxes in Louisiana. Plaza is not authorized to conduct business in Louisiana and does not conduct business in Louisiana. Plaza does not have employees or agents who reside or who are employed in Louisiana. Plaza does not have any mailing addresses or telephone listings in Louisiana. Plaza does not solicit business in Louisiana, nor do they purposefully direct any marketing activities toward Louisiana residents.

"An individual's contract with an out-of-state party alone cannot establish minimum contacts in the home forum." *A & L Energy v. Pegasus Group*, 2000-3255, p. 7 (La. 6/29/01), 791 So.2d 1266, *cert. den*., *Pegasus Group v. A & L Energy*, 534 U.S. 1022, 122 S.Ct. 550, 151 L.Ed. 426 (11/13/01)[citing *Burger King Corp. v. Rudzewicz* 471 U.S. 462, 477 – 479, 105 S.Ct. 2174, 2184 – 2186, 2 L.Ed.2d 1283 (1958)]. In the present case, Plaza has no connection to Louisiana, other than the fact that it contracted to lease a car to a Louisiana resident, following a telephone call initiated by the Louisiana resident. As more fully shown below, this "fortuitous" or "attenuated" contact cannot form a basis upon which to support jurisdiction in Louisiana.

Accordingly, defendant Plaza Motor Company respectfully submits that this Honorable Court should grant this Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and dismiss the claims against Plaza Motor Company, with prejudice.

**ARGUMENTS & AUTHORITIES**

**Personal Jurisdiction Cannot Be Asserted Over an Out-of-State Car Dealership Solely Because It Leased a Car to a Resident in the Forum State**

Federal courts consistently hold that if a non-resident does not have "continuous and systematic" contacts with a forum, a court may not exercise personal jurisdiction over the non-resident based solely on the fact that the non-resident had a contract with the resident.

3

As demonstrated in detail below, it is widely recognized that personal jurisdiction cannot be established by such "random," "fortuitous," or "attenuated" contacts with a forum. *Burger King Corp.,* 471 U.S. at 475 *quoting World Wide Volkswagen*, 444 U.S. at 299.

**Personal Jurisdiction Cannot be Established Unless the Defendant Has 'Continuous and Systematic' Contacts with the Forum or the Claims Arose From Activities the *Defendant* Purposefully Directed at the Forum**

A federal court may exercise personal jurisdiction over a nonresident defendant only when: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 102-104 (1987). Although the defendant is the moving party on a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000).

Because Louisiana's long-arm statute has been interpreted to reach the limits of federal constitutional due process, the only relevant analysis is whether exercising jurisdiction over the defendant is consistent with the Due Process Clause of the Fourteenth Amendment. La. R.S. 13:3201(B); *Growden v. Ed Bowlin & Assocs.*, 733 F.2d 1149, 1150 (5th Cir. 1984).

The Due Process Clause protects individuals from being haled into forums with which they have no meaningful "contacts, ties, or relations." *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945); *see also*, *Ruhrgas v. Marathon Oil Co. et al.*, 526 U.S. 574, 584 (1999). The Supreme Court has explained that such protection "allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct

4

will and will not render them liable to suit." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) *quoting World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Exercising personal jurisdiction over a defendant will satisfy the requirements of Due Process if the plaintiff can demonstrate that (1) the defendant purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state, and (2) the exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." *See World-Wide Volkswagon,* 444 U.S. at 291-92 (1980); *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

The requisite connection with the forum state can be established through contacts that give rise to general jurisdiction or contacts that give rise to specific jurisdiction.  General jurisdiction exists when the cause of action is unrelated to the defendant's conduct but the defendant has engaged in "continuous and systematic" activities within the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

Specific jurisdiction can only be established when the defendant purposefully directs its activities at residents of the forum, and the litigation results from alleged injuries arising out of those activities.  *See Burger King Corp.,* 471 U.S. at 472; *see also Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir. 1990).  For the purposes of this analysis, the "defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there."  *Id.* at 474; *see also Stuart v. Spademan*, 772 F.2d 1185, 1190 (5th Cir. 1985) *citing Helicopteros*, 466 U.S. at 413.  The Supreme Court consistently holds that specific jurisdiction cannot be established by "random," "fortuitous," or "attenuated" contacts with the forum.  *Burger King Corp.,* 471 U.S. at 475 *quoting World Wide*

*Volkswagen*, 444 U.S. at 299.  Consequently, specific jurisdiction cannot arise out of the unilateral actions of a third party:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.  The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Burger King Corp.*, 471 U.S. at 474-5 *quoting World Wide Volkswagen*, 444 U.S. at 299.  In other words, "jurisdiction is proper…where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State."  *Id.* (emphasis in original).

      This Court has neither general nor specific jurisdiction over Plaza.  Plaza has not sustained "continuous and systematic" contacts with the State of Louisiana, and it has not purposefully directed its activities at residents of the forum.  Any contact Plaza has had with Louisiana has been the fortuitous result of a Louisiana buyer contacting Plaza, a Missouri car dealership.  Moreover, exercising personal jurisdiction over Plaza would offend traditional notions of fair play and substantial justice.  Thus, this Court should dismiss Plaintiff's claims against Plaza for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

      Since plaintiff has made no allegations of any continuous and systematic contact on the part of Plaza, Plaza presumes that plaintiff will attempt to establish specific jurisdiction in this case.  However, in a factual situation very similar to the present one, the Louisiana First Circuit Court of Appeals found no jurisdiction over the non-resident car dealership.  In

6

*Carter v. Estes*, 1989-0829 (La. App. 1st Cir. 1989), 554 So.2d 827, plaintiff Mr. Carter contacted defendant, a Houston, Texas car dealership, pursuant to an advertisement for a 1983 Mercedes-Benz automobile in the Houston Chronicle newspaper.  554 So.2d at 828.  The parties in that case agreed upon a price, plaintiff paid the defendant a deposit, and defendant transported the vehicle to Baton Rouge, Louisiana, where plaintiff paid the balance of the sale price by cashier's check.  *Id.*  In affirming the trial court judgment upholding defendant's exception for lack of personal jurisdiction in Louisiana, the Court of Appeal noted:

> We are unable to find sufficient minimum contacts which render defendant subject to the jurisdiction of this state, or that, this assertion of jurisdiction comports with constitutional standards of "fair play and substantial justice" based on the record presented. *See Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184. In the case sub judice, the record reflects no purposeful direction of activities on the part of defendant to Louisiana residents. Plaintiff sought out the defendant in Texas to purchase the vehicle. Defendant merely delivered the vehicle and accepted payment in Louisiana. The performance of these acts alone is not sufficient to subject the seller to jurisdiction in Louisiana, absent any other ties to this jurisdiction. *See Green v. Luxury Auto Rentals, Ltd.,* 422 So.2d 1365 (La.App. 1st Cir.1982). *See also Growden v. Ed Bowlin and Associates, Inc.,* 733 F.2d 1149 (5th Cir.1984); *Severn South Partnership v. Kearney,* 465 So.2d 87 (La.App. 5th Cir.1985); *Hervish v. Growables, Inc.,* 449 So.2d 684 (La.App. 5th Cir.1984); *United States Fidelity & Guaranty Co. v. Hi-Tower Concrete Pumping Service, Inc.,* 434 So.2d 506 (La.App. 2d Cir.1983).

*Carter v. Estes,* 554 So.2d at 829.  (Note in the present factual scenario, payment for the lease was accepted by Plaza in Missouri, not in Louisiana.)  Under the rationale of *Carter*, jurisdiction cannot be exercised over Plaza in Louisiana.

This Court cannot exercise specific jurisdiction over Plaza merely because Plaza leased a vehicle to plaintiff, a Louisiana resident.  The Fifth Circuit's opinion in *Stuart v. Spademan* [772 F.2d 11885 (5th Cir. 1985)] makes it clear that simply contracting with a resident of the forum state does not satisfy the purposeful availment requirement. *Stuart,* 772

7

F.2d at 1193.  Rather, the Fifth Circuit instructed district courts to look beyond any contract between the defendant and a resident of the forum state and analyze "prior negotiations, contemplated future consequences, terms of the contract, and the parties' actual course of dealing," in determining whether the defendant purposefully availed itself of the laws of the forum state.  *Id.* at 1194.  In this case, Plaintiff leased a car from a Missouri dealership.  The parties did not contemplate future consequences or any future contact.  Presumably, plaintiff did not intend to return to the Missouri dealership to have the car repaired.  Common sense would dictate that Plaintiff take the car to a local Mercedes-Benz dealership for repair – and of course, this is what happened in the present case.  The subsequent servicing of plaintiff's vehicle in Louisiana, however, had nothing to do with Plaza.

Even if this Court were to conclude, however, that Plaza had the requisite contacts with the State of Louisiana, dismissal would nevertheless be appropriate because exercising personal jurisdiction over Plaza would offend traditional notions of fair play and substantial justice.  *See, e.g., International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). The Fifth Circuit has held that the "fairness" inquiry is a function of the following factors: "(1) [T]he burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies."  *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

On balance, the above factors clearly weigh in favor of dismissal.  If Plaza, a local Missouri car dealer, is forced to litigate this matter in Louisiana, it will suffer a significant burden.  Moreover, given the fact that plaintiff is free to pursue its claim against Mercedes-

8

Benz USA, LLC in this forum, without the presence of Plaza, plaintiff's interest in securing relief against Plaza in Louisiana is not substantial. Thus, exercising personal jurisdiction over the Plaza would offend notions of fair play and substantial justice. As a result, this Court must dismiss Plaintiff's claims against Plaza for lack of personal jurisdiction.

## CONCLUSION

It would violate Due Process for this Court to exercise general jurisdiction over Plaza. Plaza does not have "continuous and systematic" contacts with the State of Louisiana. It would violate Due Process for this Court to exercise specific jurisdiction over Plaza. Plaintiff does not allege sufficient minimum contacts upon which to base jurisdiction over Plaza in Louisiana. A defendant cannot be haled into a forum solely based on the random, fortuitous, unilateral acts of a third party. As a consequence, this Court should grant Plaza's motion to dismiss for lack of personal jurisdiction.

Respectfully submitted,

**TAGGART, MORTON, OGDEN, STAUB & O'BRIEN, L.L.C.**

s/Perry R. Staub, Jr.
PERRY R. STAUB, JR. (#12414)
MARK E. VAN HORN (#14476)
1100 Poydras Street, Suite 2100
New Orleans, Louisiana 70163-2100
Telephone: (504) 599-8500
**ATTORNEYS FOR DEFENDANT
ASBURY AUTOMOTIVE ST. LOUIS, LLC D/B/A PLAZA MOTOR COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2007, a copy of the above and foregoing **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** was filed electronically with the Clerk of Court using CM/ECF system. Notice of this filing will be sent to:

> Robin B. Cheatham - robin.cheatham@arlaw.com

by operation of the court's electronic filing system.

> s/Perry R. Staub, Jr.
> **PERRY R. STAUB, JR.** (#12414)
> Counsel for Defendants
> Taggart Morton
> 2100 Energy Centre, 1100 Poydras Street
> New Orleans, Louisiana 70163-2100
> Tel: (504) 599-8500; Fax: (504)-599-8501
> E-mail: pstaub@taggartmorton.com