```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

MBF1, LLC                                        CIVIL ACTION

VERSUS                                           NO: 07-3613

MERCEDES-BENZ, USA, LLC,                         SECTION: R(4)
ASBURY AUTOMOTIVE ST. LOUIS,
LLC, d/b/a PLAZA MOTOR
COMPANY, AND BENSON MOTOR
COMPANY

### ORDER AND REASONS

Before the Court is defendant Plaza Motor Company's motion to dismiss for lack of personal jurisdiction. For the following reasons, the Court DENIES defendant's motion.

### I.   BACKGROUND

This case involves a claim for breach of warranty and damages stemming from an automobile lease.  Plaintiff MBF1, LLC, a Louisiana limited liability company, leased a Mercedes-Benz 2006 S-Class automobile from defendant Plaza Motor Company, a limited liability company located in St. Louis, Missouri.

Plaintiff initially sought to lease a car from Benson Motor Company, a Mercedes-Benz dealer in New Orleans, but Benson did not have the car plaintiff wanted.  Benson then searched for other Mercedes-Benz dealers who had the model that plaintiff sought and gave plaintiff contact information for Plaza.  One of plaintiff's representatives then called Plaza to inquire about a lease.  A Plaza salesperson returned plaintiff's call and emailed photos of the car in question.  Plaintiff's representative then signed a lease for the car, and Plaza arranged to have the vehicle shipped to plaintiff in Louisiana.  Plaintiff alleges that the luxury sedan it leased from Plaza suffered from defects in workmanship and operation.  Dissatisfied with the car that it leased from Plaza, plaintiff traded it in at a loss for a new Mercedes-Benz leased from Benson.

On May 24, 2007, plaintiff brought a claim in state court for breach of warranty against Plaza, Benson, and Mercedes-Benz, USA. Mercedes-Benz, USA, removed this action to federal court on diversity grounds, arguing that plaintiff had improperly joined Benson.  The Court granted plaintiff's motion to dismiss Benson as a defendant, leaving Plaza and Mercedes-Benz, USA, as the only defendants. (*See* R. Docs. 21, 26.)  Plaza now moves to dismiss for lack of personal jurisdiction.

**II.  LEGAL STANDARD**

When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to show that personal jurisdiction exists. *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).  The allegations in the complaint, unless controverted by opposing affidavits, must be taken as true, and all factual conflicts must be resolved in favor of the plaintiff. *See Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).  In making its determination, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of . . . recognized [discovery] methods." *Id.*

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).  Because Louisiana's long-arm statute extends jurisdiction to the full limits of due process, *see* La. Rev. Stat. § 13:3201(B), the Court must determine only whether the exercise of its jurisdiction in this case satisfies federal due process requirements.  The exercise of personal jurisdiction over a nonresident defendant satisfies due process

when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Minimum contacts may give rise either to "specific" personal jurisdiction or "general" personal jurisdiction. *See id.* Specific jurisdiction exists when a plaintiff's cause of action arises from or is related to the defendant's minimum contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Wilson*, 20 F.3d 644 at 647. General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contact with the forum state, if the defendant has engaged in "systematic and continuous" activities in the forum state. *See Helicopteros*, 466 U.S. at 414 n.9; *Wilson*, 20 F.3d at 647.

**III. DISCUSSION**

Plaintiff argues that there are two bases for personal jurisdiction in this case. First, plaintiff contends that Plaza established minimum contacts with Louisiana by purposefully

4

availing itself of the protections of Louisiana law by virtue of the lease agreement and the contemplated future dealings between the parties under the agreement.  Second, plaintiff argues that, regardless of minimum contacts, Plaza's use of an interactive website gives rise to general jurisdiction within the State of Louisiana.  Because the Court finds that Plaza had minimum contacts with Louisiana sufficient to establish specific jurisdiction, the Court will not consider the issue of general jurisdiction.

To determine whether specific jurisdiction exists, the Fifth Circuit has developed a three-step analysis. *Seiferth v. Helicopteros Atuneros, Inc.* 472 F.3d 266, 271 (5th Cir. 2006). The Court must look to (1) whether the defendant had minimum contacts and purposefully directed its activities toward the forum state or purposefully availed itself of conducting activities there; (2) whether the cause of action arises out of defendant's contacts with the forum state; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Id.* (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

### A.  Minimum Contacts

When deciding whether minimum contacts with the forum state arose from a contract, the Court will evaluate "prior

negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985)).  The Fifth Circuit also "focuses on the place of contractual performance as central to the determination of whether the . . . contract with an in-state resident is sufficiently purposeful to satisfy minimum contacts." *Rogers, Lynch & Assoc. v. RiskFactor Solutions, Ltd.,* 2004 WL 386504 at *7 (citing *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 337-38 (5th Cir. 1999)).

The Court finds that Plaza purposefully availed itself of the benefits and protections of the laws of Louisiana.  Unlike a contract for sale, a lease agreement implicates an ongoing relationship between the parties that involves future dealings.  The lease provided for MBF1 to make 35 monthly payments to Plaza.  (R. Doc. at ¶ 2).  The lease further contemplated future dealings by giving MBF1 an option to purchase the vehicle at any time.  Additionally, Plaza offered to provide "support, assistance, and convenience" in handling any problems with the vehicle.

The lease contemplated that the vehicle would be used in Louisiana, and it required Plaza's written consent for MBF1 or anyone else to use the vehicle for more than 30 days outside of the state. (R. Doc. 16-3 at ¶ 18).  Further, the lease

6

acknowledged that its enforcement was subject to the laws of Louisiana, the state in which it was signed. (*Id.* at ¶ 30). Any arbitration stemming from the lease would take place in Louisiana. (*Id.* at ¶ 36). All of these terms suggest that Plaza intended to purposefully avail itself of the privilege of conducting business within Louisiana, gaining the benefits and protections of its laws.

The place of contractual performance also suggests that Plaza purposefully availed itself of the protections of Louisiana law. A number of cases suggest that leases give rise to minimum contacts in a forum state when the leased product is intended to be used in that state. *Compare Brown v. Astron Enters., Inc.*, 989 F. Supp. 1399, 1405 (N.D. Ala. 1997) (finding that jurisdiction was proper when lessor knew that the pilot of the leased airplane would fly to Alabama), *and Brown v. Drillers, Inc.*, 401 So. 2d 366, 368 (La. Ct. App. 1989) (finding jurisdiction when lessor knew leased oil rig was placed in Louisiana), *with Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 273-74 (5th Cir. 2006) (exercise of specific jurisdiction not proper when the lessor had no reason to expect that its helicopter would be taken to Mississippi), *and Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1297 (10th Cir. 2004) (finding no specific jurisdiction when

there was a mere possibility that leased helicopter would be taken to Utah). Here, there was not just a mere possibility that the rented vehicle would be taken to Louisiana. Plaza knew that the vehicle was to be used in Louisiana and even required consent for the vehicle to be used elsewhere for over a month. This fact suggests that Plaza purposefully availed itself of the protections of Louisiana law.

### B. Fairness

Since plaintiff's cause of action arose out of defendant's minimum contacts with the forum state, the Court will next consider whether asserting specific jurisdiction offends "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. 310, 316 (1945). This prong of the analysis requires consideration of "the interest of the state in providing a forum for the suit, the relative conveniences and inconveniences to the parties, and the basic equities." *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (quoting *Southwest Offset, Inc. v. Hudco Publ'g Co.*, 662 F.2d 149, 152 (5th Cir. 1980)).

The Court finds that the exercise of jurisdiction over Plaza is fair. The lease acknowledges that its enforcement is subject to the laws of Louisiana, and Louisiana has an interest in adjudicating disputes involving its law. Louisiana also has an

interest in adjudicating disputes involving its citizens and companies. While exercising jurisdiction in Louisiana may be inconvenient for Plaza, exercising jurisdiction elsewhere would be similarly inconvenient for MBF1. As such, the Court finds that exercising jurisdiction is proper.

**IV. Conclusion**

Because the plaintiff has met its burden in proving that personal jurisdiction exists over Plaza in this matter, the Court DENIES the defendant's 12(b)(2) motion to dismiss for lack of personal jurisdiction.

New Orleans, Louisiana, this 24th day of June 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE